IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20492
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROGER DAVID ORELLANA-RIVERA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-662-1
--------------------
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Roger David Orellana-Rivera appeals his sentence following a guilty plea conviction for illegal reentry after deportation, a violation of 8 U.S.C. § 1326. He was sentenced pursuant to 8 U.S.C. § 1326(b)(2) as an alien previously deported after an aggravated felony.

Orellana argues that his indictment recited only facts and elements supporting a charge of "simple reentry" under 8 U.S.C. § 1326(a), yet he was sentenced under the more severe provisions of 8 U.S.C. § 1326(b)(2). Orellana acknowledges that his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument is foreclosed by the Supreme Court decision in Almendarez-Torres v. United States, which held that 8 U.S.C. § 1326(b) is a sentencing factor and that a prior aggravated felony triggering the increased penalty need not be alleged in the indictment.  See 523 U.S. 224, 235 (1998).  Orellana seeks to preserve this issue for possible Supreme Court review in light of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000).  However, until overruled by the Supreme Court, this argument remains foreclosed by Almendarez-Torres.  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  petition for cert. filed, (U.S. Jan. 26, 2001) (No. 00-8299).

Orellana also argues his indictment was defective because it did not allege any general intent to violate 8 U.S.C. § 1326.  An identical issue recently was addressed in United States v. Guzman-Ocampo, 236 F.3d 233 (5th Cir. 2000).  This court stated that 8 U.S.C. § 1326 is a general intent offense requiring that the government show "the defendant had the general intent to reenter."  Id. at 239.  The court explained that this general intent *mens rea* "merely requires that a defendant reenter the country voluntarily."  Id. at 237.

Because Orellana did not challenge his indictment in the district court, his indictment is reviewed under a standard of "maximum liberality."  See id. at 236.  Orellana's indictment is nearly identical to the indictment found sufficient in Guzman.  See id. at 239, n.13.  Orellana's indictment lists every statutorily required element of the offense, adequately informs him of the charge, and fairly imports that his reentry was a

voluntary act in view of the allegation that he had been deported and removed from the United States and was present without having first obtained the Attorney General's consent.  See id. at 239.  Therefore, Orellana's argument that his indictment was defective for failing to allege any general intent is without merit.

AFFIRMED.